IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |  |
|---|---|---|
| ATAPCO PROPERTIES, INC.<br>One South Street, Suite 2800,<br>Baltimore, Maryland 21202.<br><br>and<br><br>ATAPCO 245 Shawan LLC<br>One South Street, Suite 2800,<br>Baltimore, Maryland 21202<br><br>   *Plaintiffs*,<br><br><br>     v.<br><br>DOF IV Hunt Valley, LLC<br>280 Park Avenue, 11th Floor West,<br>New York, New York 10017<br>   Serve on:<br>       CSC-Lawyers Incorporating<br>       Service Company<br>       7 Saint Paul Street, Suite 829<br>       Baltimore, Maryland 21202<br><br>*Defendant.* | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * | Civil Action No.: 1:24-cv-01319 |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs, ATAPCO Properties, Inc. ("ATAPCO") and ATAPCO 245 Shawan LLC ("ATAPCO 245 Shawan," and collectively with ATAPCO, the "Plaintiffs"), by and through their undersigned counsel David Daneman and Whiteford, Taylor & Preston, L.L.P., hereby file this Complaint for Declaratory Judgment (this "Complaint") against Defendant, DOF IV Hunt Valley, LLC (the "Defendant"). Plaintiffs seek a Declaratory Judgment against Defendant

pursuant to 28 U.S.C. § § 2201(a) and 2202, and Federal Rule 57, for the purposes of determining a question of actual controversy between the parties as hereinafter more fully appears.  In support thereof Plaintiffs state as follows:

## THE PARTIES

1.      ATAPCO is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located at One South Street, Suite 2800, Baltimore, Maryland 21202.

2.      ATAPCO 245 Shawan is a limited liability company organized and existing under the laws of the State of Maryland, with its principal place of business located at One South Street, Suite 2800, Baltimore, Maryland 21202. ATAPCO is the sole member of ATAPCO 245 Shawan.

3.      Defendant is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business located at 280 Park Avenue, 11th Floor West, New York, New York 10017.  Defendant is also the owner of that certain real property located and lying in Baltimore County, Maryland generally known as 245 Shawan Road, Hunt Valley, Maryland 21031.

## JURISDICTION & VENUE

4.      Plaintiffs incorporate by reference Paragraphs 1 through 3 of this Complaint as though fully set forth herein.

5.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §1332(a). Plaintiffs and Defendant are companies organized and domiciled in different states and the amount in controversy exceeds $75,000.00.

6.      Venue is proper pursuant to 28 U.S.C § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred in this district and the real property that is the subject of the agreement that is at issue in this matter is located within this district.

**FACTS**

7.      Plaintiffs incorporate by reference Paragraphs 1 through 6 of this Complaint as though fully set forth herein.

8.      On or about October 13, 2023, Defendant, as seller, and ATAPCO, as buyer, entered into that certain Purchase and Sale Agreement (the "Original Purchase Agreement" and collectively with the First Amendment (as hereinafter defined) and the Second Amendment (as hereinafter defined), the "Purchase Agreement") for the purchase and sale of that certain real property as defined in Exhibit A thereto and generally known as 245 Shawan Road, Hunt Valley, Maryland 21031 (the "Property"). A true and correct copy of the Original Purchase Agreement is attached hereto as Exhibit A.

9.      Pursuant to Section 3(a) of the Purchase Agreement, ATAPCO was required to deliver, and did deliver, an earnest money deposit of $750,000.00 (the "Earnest Money Deposit") to Stewart Title Guaranty Company (the "Escrow Agent") within three (3) days of the effective date of the Purchase Agreement.  Exhibit A at A-5.

10.     Section 12(b) of the Purchase Agreement provided certain conditions precedent to be satisfied in order for ATAPCO to be obligated to purchase the Property. Pursuant to Section 12(b)(vi) of the Purchase Agreement, ATAPCO's obligation to purchase the Property was conditioned upon ATAPCO receiving the Legislative Approval, as that term is defined in the Purchase Agreement, before the designated closing date (the "Legislative Approval Condition

3

Precedent"). Exhibit A at A-28. Legislative Approval is expressly defined in the Purchase Agreement as:

> "Legislative Approval" shall mean the final, enacted legislative change to the county zoning regulations/ordinance for the Property approved by the Baltimore County Council **without having been vetoed by the County Executive**, to permit at least two hundred ninety (290) single-family group townhouse units (including without limitation, stacked townhouse units), without material deviation from the site plan to be submitted by Buyer for consideration by Councilman Wade Kach of the Baltimore County Council.

Exhibit A at A-4 (emphasis added).

11.     Pursuant to Section 12(b) of the Purchase Agreement, if any of the conditions precedent were not fully and completely satisfied or waived in writing by ATAPCO in its "sole, absolute and subjective discretion," prior to the closing date including any relevant time period to cure, ATAPCO was entitled to terminate its obligation to purchase the Property by sending written notice to Defendant on or before the closing date and was entitled to a refund of the Earnest Money Deposit.  Ex. A at A-28.

12.     On or around December 27, 2023, Defendant and ATAPCO entered into that certain First Amendment to Purchase and Sale Agreement (the "First Amendment"). The First Amendment, in relevant part, modified the closing date specified in the Original Purchase Agreement to no later than February 29, 2024.  A true and correct copy of the First Amendment is attached hereto as Exhibit B.

13.     On or around February 20, 2024, the Baltimore County Council voted to approve Baltimore County Council Bill 1-24 ("CB 1-24").

14.     On or around February 27, 2024, Defendant and ATAPCO entered into that certain Second Amendment to Purchase and Sale Agreement (the "Second Amendment").

4

Section 3 of the Second Amendment expressly provided "that passage of the bill attached hereto as Exhibit A without veto shall satisfy the Legislative Approval condition precedent to Closing in paragraph 12(b)(vi) of the Agreement." The legislative bill attached thereto as Exhibit A was CB 1-24. In addition, Section 2 of the Second Amendment modified the closing date to no later than March 31, 2024. A true and correct copy of the Second Amendment is attached hereto as Exhibit C.

15.     On or about February 28, 2024, ATAPCO, as assignor, and ATAPCO 245 Shawan, as assignee, entered into that certain Assignment and Assumption of Contract for Purchase and Sale of Real Estate in which ATAPCO assigned all its right, title and interest in the Purchase Agreement to ATAPCO 245 Shawan (the "Assignment"). A true and correct copy of the Assignment is attached hereto as Exhibit D.

16.     Unknown to Plaintiffs at the time, on or around February 28, 2024, the Baltimore County Office of Law (the "Office of Law") issued a legal opinion letter to the Baltimore County Executive indicating it had significant concerns with CB 1-24 noting it may constitute a special law prohibited under Article III, §33 of the Maryland Constitution (the "Legal Opinion Letter"). A true and correct copy of the Legal Opinion Letter is attached hereto as Exhibit E.

17.     On or about February 29, 2024, the Baltimore County Executive vetoed CB 1-24 (the "Veto"). The stated reason for the veto was the analysis provided in the Legal Opinion Letter that the legislation may be an illegal special law under the Maryland Constitution; and that it would exempt development from the Baltimore County Comprehensive Manual of Development Polices.  A true and correct copy of the Veto is attached hereto as Exhibit F.

18.     On or around March 4, 2024, the Baltimore County Council voted to override the Veto.

19.     On or around March 28, 2024, ATAPCO 245 Shawan sent notice to Defendant that it was electing to terminate the Purchase Agreement as of the date of the notice pursuant to Section 12(b) of the Purchase Agreement (the "March 28th Notice to Terminate"). The election to terminate was based on one or more of the conditions precedents not being satisfied including the failure to satisfy the Legislative Approval Condition Precedent. In addition, ATAPCO 245 Shawan directed the Escrow Agent to return the Earnest Money Deposit. A true and correct copy of the March 28th Notice to Terminate is attached hereto as Exhibit G.

20.     On or about March 29, 2024, Defendant sent a response letter to Plaintiffs indicating that it considered the March 28th Notice to Terminate null and void on the basis that, among other reasons, the Legislative Approval Condition Precedent was satisfied on March 4, 2024, presumably referring to the Baltimore County Council's vote to override the Veto (the "March 29th Response to Notice to Terminate"). In addition, Defendant indicated it was electing to extend the closing date to April 16, 2024 and directed the Escrow Agent to continue to hold the Earnest Money Deposit. A true and correct copy of the March 29th Response to Notice to Terminate is attached hereto as Exhibit H.

21.     On April 16, 2024, ATAPCO 245 Shawan sent a second notice of termination letter to Defendant reaffirming and reasserting that ATAPCO 245 Shawan terminated the Purchase Agreement pursuant to Section 12(b) thereof on March 28, 2024. (the "April 16th Second Notice of Termination"). In addition, ATAPCO 245 Shawan again directed the Escrow

Agent to immediately return the Earnest Money Deposit.  A true and correct copy of the April 16th Second Notice of Termination is attached hereto as Exhibit I.

22.     Also, on or about April 16, 2024, Defendant sent a Notice of Default Letter to Plaintiffs asserting that Plaintiffs breached the Agreement by failing to close on the sale of the Property on April 16, 2024 (the "April 16th Notice of Default").  In addition, Defendant directed the Escrow Agent to deliver the Earnest Money Deposit to Defendant. The April 16th Notice of Default is attached hereto as Exhibit J.

23.     As of the date of the filing of this Complaint, Defendant refuses to permit or direct the Escrow Agent to return the Earnest Money Deposit to ATAPCO.

## DECLARATORY JUDGMENT

24.     Plaintiffs incorporate by reference Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25.     There is an actual controversy between Defendant and Plaintiffs regarding whether the Legislative Approval Condition Precedent was satisfied prior to the closing date and whether Plaintiffs are entitled to the return of the Earnest Money Deposit.

26.     The parties specifically defined and qualified the satisfaction of the Legislative Approval Condition Precedent as "without having been vetoed by the County Executive." Exhibit A at A-4. Further, in the Second Amendment, the parties clarified and affirmed that the passage of CB 1-24 without veto would satisfy the Legislative Approval Condition Precedent.

27.     Plaintiffs contend that because the Baltimore County Executive vetoed CB 1-24, the Legislative Approval Condition Precedent was not, and could not, be satisfied on or before the closing date thus allowing Plaintiffs the right to terminate their obligation to purchase the Property and the return of the Earnest Money Deposit.

28.     In light of the clear and unambiguous definition of Legislative Approval as well as the provisions of the Purchase Agreement referenced above, Plaintiffs were entitled as a matter of law to terminate the Purchase Agreement and receive the return of the Earnest Money Deposit.

29.     In light of Defendant's refusal to cooperate with Plaintiffs' request that the Escrow Agent return the Earnest Money Deposit to Plaintiffs, and in accordance with Section 22(n) of the Purchase Agreement, Plaintiffs are entitled to recover "all reasonable expenses of attorneys' fees, paralegal fees and costs, expenses and disbursements … include[ing] all such expenses incurred prior to and at any such trial or proceeding and at all levels of appeal and post judgment proceedings." Exhibit A at A-37.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request that this Court:

a.  Declare and Decree that the Legislative Approval Condition Precedent was not satisfied on or before the closing date;

b.  Declare and Decree that because the Legislative Approval Condition Precedent was not satisfied prior to the closing date, Plaintiffs were entitled to terminate the Purchase Agreement;

c.  Declare and Decree that the March 28th Notice to Terminate lawfully terminated the Purchase Agreement, or, in the alternative, that the April 16th Second Notice to Terminate lawfully terminated the Purchase Agreement;

d.  Declare and Decree that ATAPCO[1] is entitled to the return of the Earnest Money Deposit, plus all interest earned thereon; and

e.  Declare and Decree that Plaintiffs are entitled to costs, interests, and attorneys' fees as permitted under Section 22(n) of the Purchase Agreement.


Respectfully submitted,


*/s/ David Daneman*
David Daneman, Bar No.: 06976
Whiteford, Taylor & Preston, L.L.P.
Seven St. Paul Street, Suite 1500
Baltimore, Maryland 21202-1636
Telephone (410) 347-8729
Email:  daneman@whitefordlaw.com

*Counsel for Plaintiffs, ATAPCO Properties, Inc. and ATAPCO 245 Shawan LLC*

---

[1] ATAPCO is the entity that paid the Earnest Money Deposit and is the sole member of ATAPCO 245 Shawan.